UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-06836-AH-(SKx) | Date  September 17, 2025 |
| Title *Judith Lemus v. Sunrise Senior Living Management, Inc. et al.* | |

Present: The Honorable  Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (DKT. NO. 11)  [JS-6]

Before the Court is Plaintiff Judith Lemus's ("Plaintiff") Motion to Remand. Dkt. No. 11. Defendant Sunrise Senior Living Management, Inc. ("Sunrise") opposes. Dkt. No. 12. Plaintiff filed a reply. Dkt. No. 15. The Court deems the Motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, the Court GRANTS Plaintiff's Motion.

I.  **BACKGROUND**

On June 24, 2025, Plaintiff filed a suit against Sunrise; "Jennifer LNU," whose last name is unknown ("Jennifer"); and Does 1-25 in the Los Angeles County Superior Court for alleged violations of the California Fair Employment and Housing Act, California Family Rights Act, and California Labor Code. *See generally* Compl., Dkt. No. 1-1. Relevant here, Plaintiff alleges that while employed by Sunrise, she was "subjected to [a] sexually inappropriate, unwelcome, and offensive work environment by her supervisor, Defendant Jennifer." *Id.* ¶11.

Sunrise removed this case to federal court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Notice of Removal, Dkt. No. 1.  As to complete diversity of citizenship, the Notice of Removal states that Plaintiff is a California citizen; Sunrise is a Virginia citizen; "[a]ssuming *arguendo* the court finds that [Jennifer] LNU is a California citizen, in this jurisdiction, removal is permitted before proper service on the forum defendant is effectuated" under a process known as "snap removal"; and "the citizenship of any Doe defendant is disregarded for purposes of removal."  *Id.* at 4–6.  Plaintiff has now filed this Motion to Remand.  Mot. to Remand, Dkt. No. 11.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs.  *Id.* §§ 1331, 1332(a).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  *See California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *amended on denial of reh'g by*, 387 F.3d 966 (9th Cir. 2004).

When federal subject matter jurisdiction is based on diversity, "complete diversity of citizenship" must exist between the opposing parties, where "the citizenship of each plaintiff is diverse from the citizenship of each defendant."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  "The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."  *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002); 28 U.S.C. § 1441(b).

Though "a defendant's notice of removal need include only a plausible allegation" as to jurisdiction, *see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014), when a plaintiff challenges that allegation by filing a motion to remand, the defendant must prove jurisdiction by a preponderance of the evidence, *see Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021) (citing *Dart*, 574 U.S. at 89).

## III. DISCUSSION

Here, Plaintiff challenges Sunrise's allegation of complete diversity by arguing that there are "definite clue[s]" as to Jennifer's identity in the Complaint such that her citizenship should be considered in the complete diversity analysis; when it is, Jennifer's California citizenship destroys diversity because Plaintiff, too, is a California citizen. *See, e.g.*, *Sandoval v. Republic Servs. Inc.*, 2018 WL 1989528, at *3–4 (C.D. Cal. Apr. 24, 2018).

Rather than address Plaintiff's arguments, Sunrise maintains that Jennifer's citizenship is "irrelevant" because she was not served prior to removal and that this Court has jurisdiction because of "snap removal" under 28 U.S.C. § 1441(b). Snap removal cannot *confer* diversity jurisdiction where it otherwise would not exist. *See, e.g.*, *Sing v. Sunrise Senior Mgmt.*, 2023 WL 3686251, at *3–4 (N.D. Cal. May 26, 2023) (citing cases). Sunrise's opposition, which almost entirely discusses snap removal, focuses on the wrong issue, because regardless of the forum-defendant rule in 28 U.S.C. § 1441(b)(2), complete diversity must otherwise exist between plaintiffs and defendants, whether served or not. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) ("*Separate and apart from the statute conferring diversity jurisdiction*, 28 U.S.C. § 1332, § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state.") (emphasis added); *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160–61 (8th Cir. 1981) ("Section 1441(b) does not qualify the requirement of complete diversity; rather, it further limits jurisdiction based on diversity of citizenship by requiring that no joined and served defendants be a citizen of the state in which the action was initially brought. . . . [A] court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service.").

The issue is therefore not whether a defendant who is a citizen of the forum state – here, California – may remove the action before being properly served. Instead, the issue is whether the requirements of diversity jurisdiction are satisfied in the first place. In its opposition, Sunrise does not address Jennifer's citizenship or otherwise address Plaintiff's arguments that Jennifer's California citizenship destroys diversity. Thus, Sunrise has barely alleged complete diversity and has not proven any such allegation by a preponderance of the evidence. Moreover, the Court deems Sunrise's failure to respond to these arguments as waiver or abandonment of the issue. *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1096 n.4 (9th Cir. 2005) (noting that the plaintiff "abandoned her other . . . claims by not

raising them in opposition"); *see also e.g., Hartranft v. Encore Cap. Grp., Inc.*, 543 F. Supp. 3d 893, 913 (S.D. Cal. 2021) ("[W]here a non-moving party fails to address an argument raised by the moving party in the opposition brief, the Court may consider any arguments unaddressed by the non-moving party as waived."); L.R. 7-12, 7-9.

Because the removal statute is strictly construed against removal and Sunrise has not met its burden, the case should be remanded to state court.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED. The clerk is directed to remand the case to Los Angeles Superior Court, Case No. 25STCV18121.

**IT IS SO ORDERED.**